IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, NATIONAL FIRE INSURANCE COMPAN OF HARTFORD, SUCCESSOR BY MERGER TO TRANSCONTINENTAL INSURANCE COMPANY, AND VALLEY FORGE INSURANCE COMPANY, | Case No.: <br><br> Judge |
| *Plaintiffs,* | |
| v. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| CITY OF WILLOUGHBY, OHIO, | |
| *Defendant.* | |

For their Complaint, Plaintiffs National Fire Insurance Company of Hartford ("National Fire"), National Fire Insurance Company of Hartford, successor by merger to Transcontinental Insurance Company ("Transcontinental") and Valley Forge Insurance Company ("Valley Forge") (collectively the "Companies"), through their undersigned attorneys, allege as follows:

## I. NATURE OF ACTION

1. This is a Declaratory Judgment Action commenced pursuant to 28 USC §2201(a) and Federal Rule of Civil Procedure ("FRCP") 57 concerning the obligations of the Companies under certain policies of insurance issued to the City of Willoughby (the "City") to defend and indemnify the City against the action entitled *United States of America, et al. v. Richard M. Osborne Sr., et al.*, Case Number 1:11-CV-01029 (the "Underlying Action").

2. JTO, Inc. ("JTO") is a co-defendant of the City in the Underlying Action. In the Underlying Action, the United States and the State of Ohio assert claims against, *inter alia*, the City and JTO for alleged violations of the Clean Water Act and the Ohio Revised Code arising out of development and construction activities. The complaint alleges that the defendants discharged pollutants, in the form of dirt, spoil, rock and sand, and demands restoration and cleanup measures at the development site. The City contracted with a professional civil engineering firm, William R. Gray Associates, Inc. to obtain permits and reviews from the requisite agencies for construction of the roads at the site.

3. The Travelers Indemnity Company of America ("Travelers") issued commercial general liability policies to JTO for two consecutive policy periods during the time period at issue in the Underlying Action. In a recent decision, this Court found that because the Absolute Pollution Exclusions in the Travelers' policies applied, Travelers had no duty to defend or indemnify JTO in the Underlying Action. *See JTO, Inc. v. Travelers Indemnity Co. of America*, Case Number 1:16CV648, 2017 WL 1017468.

4. The policies issued to the City by the Companies contain Absolute Pollution Exclusions with language identical to the Absolute Pollution Exclusions in the Travelers' policies. The Companies are seeking a declaratory judgment that the Absolute Pollution Exclusions in the Companies' policies likewise apply to bar coverage for the City in the Underlying Action.

## II.  THE PARTIES

5. Plaintiff National Fire Insurance Company of Hartford is, and at all times relevant hereto, was an Illinois corporation with its principal place of business in Illinois. National Fire is

licensed to do business as an insurance company in the state of Ohio, and is authorized to execute and deliver contracts of liability insurance in Ohio.

6. Plaintiff National Fire Insurance Company of Hartford, successor by merger to Transcontinental Insurance Company is, and at all times relevant hereto, was an Illinois corporation with its principal place of business in Illinois. National Fire is licensed to do business as an insurance company in the state of Ohio, and is authorized to execute and deliver contracts of liability insurance in Ohio.

7. Plaintiff Valley Forge Insurance Company is, and at all times relevant hereto, was a Pennsylvania corporation with its principal place of business in Illinois. Valley Forge is licensed to do business as an insurance company in the state of Ohio, and is authorized to execute and deliver contracts of liability insurance in Ohio.

8. Defendant City of Willoughby, Ohio is a city located in Lake County, Ohio.

### III. JURISDICTION AND VENUE

9. This Court has jurisdiction of this matter pursuant to 29 U.S.C. 1332(a) in that Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is proper in this judicial district, pursuant to 28 U.S.C. 1391(b)(2) because the relevant insurance policies were issued in Lake County, Ohio and the events giving rise to the claim arose in this district.

### IV. THE INSURANCE POLICIES

11. National Fire issued Commercial General Liability Policy Number C1062922063 to the City for the policy periods of January 1, 2001 to January 1, 2002 and January 1, 2002 to

January 1, 2003. (Attached hereto and made a part hereof as Exhibit "A" to this Complaint is a copy of the relevant portions of Policy Number C 1062922063.)

12. Valley Forge issued Commercial General Liability Policy Number C1062922063 to the City for the policy period of May 1, 2003 to May 1, 2004. (Attached hereto and made a part hereof as Exhibit "B" to this Complaint is a copy of the relevant portions of Policy Number C 800364413.)

13. Transcontinental issued Commercial General Liability Policy Number C1062922063 to the City for the policy period of May 1, 2004 to May 1, 2005. (Attached hereto and made a part hereof as Exhibit "C" to this Complaint is a copy of the relevant portions of Policy Number C 800364413.)

14. The National Fire, Valley Forge and Transcontinental policies (collectively the "Policies") contain the following relevant provisions:

> **Section I – Coverages**
> **Coverage A Bodily Injury and Property Damage Liability**
>
> 1. **Insuring Agreement**
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage", to which this insurance does not apply. We may at our discretion, investigate any "occurrence" or any offense and settle any claim or "suit" that may result…
>    b. This insurance applies:
>       (1) To "bodily injury" and "property damage" only if:
>           (a)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
>           (b)  The "bodily injury" or "property damage" occurs during the policy period; and...
>           …

15. The Policies contain Absolute Pollution Exclusions. The relevant portions are as follows:

Exclusion **f.** under Paragraph **2.**, **Exclusions** of **Section I - COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY** is deleted and replaced by the following:

This insurance does not apply to:

**(1)** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

…

**(d)** At or from any premises, site or location on which any insured or any contractors or subcontractors working directly or indirectly on any insured's behalf are performing operations if the "pollutants" are brought on or to the premises, site or location in connection with such operations by such insured, contractor or subcontractor…

**(2)** Any loss, cost or expense arising out of any:

**(a)** Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

**(b)** Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

16. The Policies define "pollutants" as follows:

"Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

## V. THE UNDERLYING ACTION

17. The Underlying Action was filed on May 10, 2011 in this Court by the United States of America against, *inter alia*, the City and Richard M. Osborne Sr. The suit was a civil action commenced under the Clean Water Act (the "CWA") to obtain injunctive relief and/or civil penalties for the discharge of pollutants into the waters of the United States in the Cities of Willoughby and Mentor, Lake County, Ohio, without authorization by the United States Department of the Army.

18. The United States sought: (1) to enjoin the discharge of pollutants into the waters of the United States without a permit; (2) to require the defendants, at the direction of the United States Environmental Protection Agency, to restore and/or mitigate the damages caused by their unlawful activities; and (3) to require certain defendants, including the City, to pay civil penalties.

19. Specifically, the Underlying Complaint alleged that Richard Osborne Sr. planned the development of certain real property for commercial and industrial use, known as the Riverside Commons Site (the "Site"). It is alleged that the Site was comprised of approximately 280 acres within the City and Mentor and contained approximately 170 acres of contiguous wetlands and 12,800 linear feet of waterways. The Underlying Complaint alleges that the City planned and contracted for the construction of roads, utilities and sewers at the Site.

20. It is alleged that from August 2001 through December 2004, the defendants discharged dredged or fill material from point sources into waters of the United States without a permit under the CWA at the Site. The Underlying Complaint alleges that the dredged or fill material that the defendants caused to be discharged includes, among other things, dirt, spoil, rock and sand, all of which constitute "pollutants" as defined in the CWA. It is alleged that the defendants' activities resulted in the filling of approximately 69.5 acres and 3,800 linear feet of waters of the United States and resulted in an adverse impact to additional acres of waters of the United States.

21. The CWA prohibits the discharge of pollutants by any person except in compliance with, *inter alia*, a permit issued pursuant to CWA §404. The CWA section 502(12), 33 U.S.C. §1362(12) defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source." The definition of "pollutant" under the CWA section

502(6), 33 U.S.C. §1362(6) includes dredged spoil, rock, sand and cellar dirt. The CWA section 502(7), 33 U.S.C. §1362(7) defines "navigable waters" as "the waters of the United States, including the territorial seas."

22. On May 20, 2011, the State of Ohio asserted similar cross-claims against the non-state defendants, including the City. The cross-claims asserted violations of various Ohio state statutes.

## VI. GRAY'S OBLIGATION TO DEFEND AND INDEMNIFY THE CITY

23. On August 9, 2011, the City filed a Third-Party Complaint against William R. Gray Associates, Inc. ("Gray"). The Third-Party Complaint sets forth causes of action for Breach of Contract, Indemnification and Professional Malpractice.

24. The City's Third-Party Complaint alleges that during or before 2001, Gray was retained by Richard M. Osborne Sr. or one of the other defendants to provide civil engineering services related to the Site. It is alleged that the developers of the Site requested that the City construct an extension to an existing road and a new road, along with sewer and utility improvements for the two road projects.

25. The City alleged that on or about March 27, 2002, the City entered into a contract with Gray whereby Gray was to provide engineering services to the City for the construction of the roads. Under the terms of the contract, Gray was responsible for all permit applications and reviews from reviewing agencies for the construction of the roads. Pursuant to the contract, Gray was obligated to indemnify and hold harmless the City from and against any and all costs, losses and damages caused solely by the negligent acts or omissions of Gray.

### VII.  NOTICE TO THE COMPANIES AND THE COMPANIES' RESPONSE

26. On July 8, 2011, the City tendered the defense and indemnification of the Underlying Action to the Companies. The Companies sent a letter to the City agreeing to defend the City under a reservation of rights. The Companies reserved rights to disclaim coverage on a number of bases, including the Absolute Pollution Exclusion. (Attached hereto and made a part hereof as Exhibit "D" to this Complaint is a copy of the reservation of rights letter.)

27. The Companies have been defending the City from the date of tender to present. To date, the Companies have incurred defense costs in excess of $500,000.

### FIRST CAUSE OF ACTION
### DECLARATORY RELIEF PURSUANT TO
### 28 U.S.C. §2201 AND FRCP 57

28. The Companies reallege and incorporate by reference paragraphs 1 to 27 of this Complaint as if fully set forth herein.

29. In *JTO v. Travelers*, this Court found that the Absolute Pollution Exclusion in the Travelers' policies applied to bar coverage for JTO for defense and indemnity of the very same Underlying Action. Specifically, this Court found that: (1) the alleged contaminants at issue in the Underlying Action, which include "dirt, spoil, rock and sand," constitute "pollutants" as defined under the CWA and Ohio statutes; (2) the allegations by the United States and the State of Ohio "are exactly the kind of environmental actions that fall within the raison d'etre of the absolute pollution exclusion"; and (3) "the policies clearly exclude coverage for the types of governmental enforcement actions against JTO as alleged in [the Underlying Action]."

30. The definition of "pollutants" in the Policies is identical to the definition of "pollutants" in the Travelers' policies at issue in *JTO*.

31. The allegations against the City in the Underlying Action are identical to the allegations against JTO in the Underlying Action.

32. The Absolute Pollution Exclusion in the Policies contains identical language to the Absolute Pollution Exclusion in the Travelers' policies at issue in *JTO* and excludes coverage for the types of governmental enforcement actions against the City as alleged in the Underlying Action.

33. There is an actual and justiciable controversy between the Companies and the City concerning the Companies' obligations under the Policies, in that the Companies are not obligated to defend or indemnify the City for the claims at issue in the Underlying Action pursuant to the Absolute Pollution Exclusions in the Policies.

34. By reason of the foregoing, the Companies are entitled to a declaratory judgment, pursuant to 28 U.S.C. §2201 and FRCP 57, that the Companies have no obligation to defend or indemnify the City in the Underlying Action.

WHEREFORE, the Companies pray for judgment as follows:

A. Declare that the Companies do not currently have and never had any obligation to:

1. defend the City in connection with the Underlying Action;

2. reimburse defense costs to the City in connection with the Underlying Action; or

3. indemnify the City in connection with the Underlying Action;

B. Award the Companies such fees, costs and disbursements as are recoverable by law; and

C. Award the Companies such other and further relief as this Court may deem just and appropriate.

Respectfully submitted,

 /s/ Michael E. Smith
Michael E. Smith (0042372)
msmith@frantzward.com
FRANTZ WARD LLP
200 Public Square, Suite 3000
Cleveland, Ohio 44114
Phone: (216) 515-1660
Facsimile: (216) 515-1650

*Attorney for Plaintiffs National Fire Insurance Company of Hartford, National Fire Insurance Company of Hartford, Successor by Merger to Transcontinental Insurance Company, and Valley Forge Insurance Company*