**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **NATIONAL FIRE INSURANCE OF HARTFORD, ET AL.,** | CASE NO.1:17CV1392 |
| Plaintiffs, | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | |
| **CITY OF WILLOUGHBY.** | **OPINION AND ORDER** |
| Defendant. | |

**CHRISTOPHER A. BOYKO, J:**

On June 30, 2017, Plaintiffs' National Fire Insurance Company of Hartford ("National Fire"), National Fire Insurance Company of Hartford, successor by merger to Transcontinental Insurance Company ("Transcontinental"), and Valley Forge Insurance Company ("Valley Forge") (collectively, the "Companies") filed a Complaint for Declaratory Judgement. (ECF DKT #1). On August 29, 2017, Defendant ( the "City") filed its Memorandum in Support of Motion of Defendant to Dismiss, or alternatively, Decline Jurisdiction Over This Action (ECF DKT #10-1). On September 28, 2017, Plaintiffs filed their Memorandum in Opposition to Defendant's Motion to Dismiss (ECF DKT #13). On October 12, 2017, Defendant filed a Reply Brief to Dismiss, or, Alternatively, to Decline

1

Jurisdiction over this Action (ECF DKT #18).  For the reasons stated below, the Court denies

Defendant's Motion to Dismiss.

**Facts**

National Fire issued Commercial General Liability Policy Number C1062922063 to the City for the period of January 1, 2001, to January 1, 2003.  (ECF DKT #1, at 3-4).  Valley Forge issued Commercial General Liability Policy Number C1062922063 to the City for the period of May 1, 2004, to May 1, 2005.  (ECF DKT #1, at 4).  Transcontinental issued policy number C1062922063 to the City for the period of May 1, 2004, to May 1, 2005.  (ECF DKT #1, at 4).  The cause of action giving rise to this lawsuit ("Underlying Action") is that the City "discharge[d] . . . pollutants into the waters of the United States in the [City] of Willoughby . . . without authorization by the United States Department of Army."  (ECF DKT #1, at 5).  Further, the allegation is that from August 2001 to December 2004, the City "discharged dredged or fill material from point sources into waters of the United States without a permit under the CWA [Clean Water Act]."  (ECF DKT #1, at 6).  On July 8, 2011, the City sought indemnification from the Companies, but the Companies disclaimed coverage on the grounds of the Pollution Exclusion.  (ECF DKT #1, at 8).

According to Defendant, "[a]t least one of these absent umbrella carriers is domiciled in the Commonwealth of Pennsylvania – the same state of incorporation as plaintiff Valley Forge – thus precluding the exercise of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)."  (ECF DKT # 10, at 2).  The Umbrella Insurer, Philadelphia, is domiciled in Pennsylvania, as is Plaintiff Valley Forge.  (ECF DKT 10-1, at 7).

## Law and Analysis

**I.    Standard for Rule 12(b)(7).**

"When reviewing a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(7), the Sixth Circuit applies a three-part test." *Morando v. Pyrotek, Inc.*, No. 1:12CV1264, 2013 WL 949515, at *2 (N.D. Ohio Mar. 11, 2013). First, "determine whether a person is necessary to the action and should be joined if possible." *Keweenaw Bay Indian Cmty. v. State*, 11 F.3d 1341, 1345 (6th Cir. 1993). This is determined through Rule 19 of the Federal Rules of Civil Procedure stating:

> (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave the parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

"If the court finds that the absent person or entity falls within either one of these provisions, the party is thus one to be joined if feasible." *Id.* However, "[i]f the court determines that the person or entity does not fall within one of these provisions, joinder, as well as further analysis, is unnecessary." *Local 670, United Rubber, Cork, Linoleum & Plastic Workers of Am., AFL-CIO v. Int'l Union, United Rubber, Cork, Linoleum & Plastic Workers of Am., AFL-CIO*, 822 F.2d 613, 618 (6th Cir. 1987). Steps two and three deal with personal jurisdiction and indispensability. *Keweenaw*, 11 F.3d at 1145. "If personal jurisdiction is present, the party shall be joined; however, in the absence of personal

3

jurisdiction (or if venue as to the joined party is improper), the party cannot properly be brought before the court." *Local 670*, 822 F.2d at 618. Without personal jurisdiction, the court proceeds to the third factor, which examines the factors set forth in Rule 19(b) "to determine whether the court may proceed without the absent party or, to the contrary, must dismiss the case due to the indispensability of that party." *Id.* The factors determining indispensability are:

> first, to what extent a judgment rendered in the person's absence might be prejudicial to [the person] or to those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Keweenaw*, 11 F.3d at 1346 (quoting *Local 670*, 822 F.2d at 618). The Sixth Circuit has noted that "[i]deally, all [the] parties would be before the court. Yet Rule 19 calls for a pragmatic approach; simply because some forms of relief might not be available due to the absence of certain parties, the entire suit should not be dismissed if meaningful relief can still be accorded." *Local 670*, 822 F.2d at 618 (quoting *Smith v. United Brotherhood of Carpenters and Joiners of America*, 685 F.2d 164, 166 (6th Cir.1982)).

**II.     Procedural Requirements to Assert a 12(b)(7) Motion.**

"To sufficiently assert a 12(b)(7) motion, the movant must identify the name of the party, the location of the party, the reason the party is necessary and whether the court has jurisdiction over the party." *Meta v. Target Corp.*, 74 F. Supp. 3d 858, 866 (N.D. Ohio 2015) (quoting *Jam Tire, Inc. v. Harbin*, 3:14CV00489, 2014 WL 4388286, at *4 (N.D.Ohio Sept. 5, 2014)). "Moreover, under Rule 12(b)(7), [defendant] has the burden to show the nature of

4

the unprotected interests of the absent individuals or organizations and the possibility that the court will be disadvantaged by their absence." *Meta*, 74 F. Supp. 3d at 866 (quoting CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE VOL. 5A, § 1359 (3d. Ed., West 1997)).

Defendant has not provided any of the procedural requirements in any of its briefs and has not shown the absent party's interests, and whether the parties will be disadvantaged by having the Umbrella Insurers absent. Therefore, Defendant has not sufficiently asserted its 12(b)(7) motion.

### III. Joinder that Destroys Subject Matter Jurisdiction.

When a party would destroy subject matter jurisdiction, the Court will weigh a balancing test to determine where in "'equity and good conscience' the action can proceed without the party." *Joseph v. Teitelbaum*, No. 1:10 CV 00931, 2010 WL 11565404, at *4 (N.D. Ohio May 24, 2010). In *Teitelbaum*, plaintiffs brought suit against the trustee of a testamentary trust for breach of fiduciary duties. *Id.* at *1. The trustee sought to include a beneficiary as a "necessary and indispensable" party pursuant to Rule 12(b)(7). *Id.* The Court noted that "[t]he Supreme Court has described necessary parties generally as those persons having an interest in the action who should be made parties so that the court may 'finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.'" *Id.* at *2 (quoting *CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991) (quoting *Shields v. Barrow*, 58 U.S. 130, 139 (1854)). The Court found that joinder of the party was necessary but would result in destroying subject matter jurisdiction. *Id.* at *3. In determining if joinder was appropriate, even when subject matter

jurisdiction was destroyed, the Court considered at least four factors: "(1) the availability of a forum for plaintiff; (2) defendant's interest in avoiding a multiplicity of suits; (3) the protection of the absent non-party's interests; and (4) public interest in the efficient settlement of disputes." *Id.* at *4 (quoting *Hinsdale v. Farmers Nat. Bank and Trust Co.*, 93 F.R.D. 662, 665 (N.D. Ohio 1982)). The balancing test is an inquiry that is both "practical . . . and fact specific and is designed to avoid the harsh results of rigid application." *Id.* (quoting *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). The Court mentioned that "these factors are not exclusive, and the weight to be accorded each of the factors will vary with different factual circumstances." *Id.*

Under the first of the *Teitelbaum* factors, the Court favored dismissal because the beneficiary may prejudice the trustee by exposing him to "double or inconsistent obligations." *Id.* The second and third factors weighed in favor of dismissal because "[t]he Court [could] conceive of no way to fashion a meaningful judgment on the Plaintiffs' claims that [would] not affect [the beneficiary's] interests." *Id.* The fourth factor also weighed in favor of dismissal because the action could be brought in state court. *Id.* Also, the Court highlighted that the state court would be a more appropriate forum because the state court would be more familiar with state trust law, and judicial efficiency would be promoted because the potential for inconsistent judgments would be eliminated as it would be adjudicated in one forum. *Id.* at *5. Thus, the Court dismissed the complaint for non-joinder. *Id.*

Unlike in *Teitelbaum*, the City has failed to meet its burden for a 12(b)(7) by merely pointing to the need for Umbrella Insurers to be added because "the Umbrella Insurers will be bound by this Court's judgment without having the opportunity to participate in this action to

6

protect their interests." (ECF DKT #10-1, at 15). It is irrelevant because in balancing the four factors, all four factors weigh in favor of Plaintiffs. First, unlike in *Teitelbaum*, Umbrella Insurers only have an interest in litigation after a decision is made in the instant case, thus there would not be a risk, as in *Teitelbaum*, of inconsistent results in state court. Moreover, there were multiple beneficiaries in *Teitelbaum* and the risk of inconsistent obligations was evident. In the instant matter, Umbrella Insurers, if joined, would be preemptively getting involved. Their presence in the instant matter is not required. Under the second and third factors, the Court may grant full relief without Umbrella Insurers being joined, and unlike *Teitelbaum*, the Court would not have to worry about providing recovery to all beneficiaries with an equivalence. The Court can easily provide a "meaningful judgment" without having Umbrella Insurers present, simply because once a judgment is made, then the Umbrella Insurers can bring their own lawsuit against the City if so desired. Under the fourth factor, the action can be properly adjudicated in federal court because it is a simple contractual issue. Unlike in *Teitelbaum*, this does not require some particularized or esoteric issue of state law, which would be best handled by the state court, but rather a banal issue of contract law that federal courts are perfectly capable adjudicating. Additionally, duplicative litigation will not disrupt judicial efficiency because this is a contract issue regarding the two parties. If the Umbrella Insurers sued the City, that would be an entirely separate contractual issue between those parties. Thus, there would be no risk of inconsistent results. Even, arguendo, if the Court were to concede that the Umbrella Insurers were necessary and indispensable parties, the motion still would be denied. As discussed above, Defendant failed to meet its procedural requirements-- not providing the name of the party, its location, or the reason why that party

was necessary.  Therefore, the Court denies Defendant's Motion to Dismiss.

## **Conclusion**

For the foregoing reasons, the Court finds that the Umbrella Insurers are not necessary and indispensable parties to this action and denies Defendant's Motion to Dismiss.

IT IS SO ORDERED.

                                                    s/ Christopher A. Boyko
                                                    CHRISTOPHER A. BOYKO
                                                    United States District Judge

Dated:  March 6, 2018