**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NATIONAL FIRE INSURANCE OF HARTFORD, ET AL.,** | ) ) ) | **CASE NO.1:17CV1392** |
| Plaintiff, | ) ) | **JUDGE CHRISTOPHER A. BOYKO** |
| Vs. | ) ) | |
| **CITY OF WILLOUGHBY,** | ) ) | **OPINION AND ORDER** |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant City of Willoughby, Ohio's Motion for Reconsideration or, Alternatively, to Certify Order for Interlocutory Appeal. (ECF # 29). For the following reasons, the Court denies Defendant's Motion.

On June 30, 2017, Plaintiffs National Fire Insurance Company of Hartford, National Fire Insurance Company of Hartford, Successor by Merger to Transcontinental Insurance Company, and Valley Forge Insurance Company, filed their Complaint in this Court seeking a declaratory judgment that Plaintiffs owed Defendant City of Willoughby ("City") no obligation to defend or indemnify the City in the underlying action of *United States of America, et al. v. Richard M. Osborne Sr. et al.,* Case No. 1:11CV1029. On August 29, 2017,

the City filed its Motion to Dismiss, arguing that the Complaint must be dismissed because certain umbrella insurers, who were indispensable parties to the action, were not named in the declaratory judgment action. The Court denied the Motion, finding that umbrella insurers were not indispensable parties to a dispute between an insurer and its insured and because the City failed to comply with its procedural obligations. The City now moves for reconsideration of the Opinion and Order or for an order granting interlocutory appeal of the issue.

## Background Facts

National Fire issued Commercial General Liability Policy Number C1062922063 to the City for the period of January 1, 2001, to January 1, 2003. (ECF DKT #1, at 3-4). Valley Forge issued Commercial General Liability Policy Number C1062922063 to the City for the period of May 1, 2004, to May 1, 2005. (ECF DKT #1, at 4). Transcontinental issued policy number C1062922063 to the City for the period of May 1, 2004, to May 1, 2005. (ECF DKT #1, at 4). The cause of action giving rise to this lawsuit is found in *United States of America, et al. v. Richard M. Osborne Sr. et al.*, Case No. 1:11CV1029 the ("Underlying Action"). In *Osborne*, Plaintiffs allege that the City "discharge[d] . . . pollutants into the waters of the United States in the [City] of Willoughby ... without authorization by the United States Department of Army." (ECF DKT #1, at 5). Further, the suit alleges that from August 2001 to December 2004, the City "discharged dredged or fill material from point sources into waters of the United States without a permit under the CWA [Clean Water Act]." (ECF DKT #1, at 6). On July 8, 2011, the City sought indemnification from the Companies, but the Companies disclaimed coverage on the grounds of the Pollution Exclusion. (ECF DKT #1, at

8).

In its Motion to Dismiss, the City argued Plaintiffs had failed to join the City's umbrella insurers as necessary parties. According to the City, "[a]t least one of these absent umbrella carriers is domiciled in the Commonwealth of Pennsylvania – the same state of incorporation as plaintiff Valley Forge – thus precluding the exercise of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." (ECF DKT # 10, at 2). Umbrella insurer, Philadelphia, is domiciled in Pennsylvania, as is Plaintiff Valley Forge. (ECF DKT 10-1, at 7).

In denying the Motion to Dismiss, the Court held "Defendant has not provided any of the procedural requirements in any of its briefs and has not shown the absent party's interests, and whether the parties will be disadvantaged by having the Umbrella Insurers absent. Therefore, Defendant has not sufficiently asserted its 12(b)(7) motion." (ECF # 19 at pg 5). The Court further denied the Motion on the grounds that the Umbrella Insurers were not likely to suffer from inconsistent results because their interests in the litigation were implicated only after a decision in the declaratory judgment and their presence was not required in order to grant full relief in the declaratory judgment action. Any actions by the Umbrella Insurers against the City would necessarily implicate their own contracts and not Plaintiff's.

The City now seeks reconsideration or certification of the Court's denial of the City's Motion to Dismiss. According to the City, it provided sufficient evidence to satisfy each element of Rule 12(b)(7), demonstrating that Philadelphia Indemnity Insurance Co. is a necessary and indispensable party and that its location in Pennsylvania defeats diversity jurisdiction.

3

Furthermore, the City argues the Court should consider its argument that the Court should decline to exercise jurisdiction over the case or, if it rules against the City, should certify the matter for appeal.

Plaintiffs oppose the City's Motion, contending that courts routinely find that umbrella insurers are not necessary and indispensable parties to a declaratory judgment action brought by a primary insurer against its insured. Complete relief can be afforded the parties in this action without the Umbrella Insurers and though they may have an interest in the proceedings they can assert them after the Court rules on the pollution exclusion issue here.

Furthermore, Plaintiffs' liabilities are not contingent on whether the Umbrella Insurers' policies contain drop down coverage. Because the Umbrella Insurers' policies contain their own terms and conditions, they are not indispensable to this declaratory action between Plaintiffs and the City.

In addition, Plaintiffs contend the Court should retain jurisdiction to issue a declaratory judgment ruling because it meets the factors under *Grand Trunk W.R.R. Co. v. Consol. Rail Co.,* 746 F.2d 323 (6th Cir. 1984), as it will settle the issue between the parties and clarify the legal relationship. There is no danger of friction between state and federal courts because the Underlying Action is also before this Court and there is no better alternative remedy.

Finally, Plaintiffs contend interlocutory appeals are generally disfavored and the Court's denial of the City's Motion to Dismiss presents no controlling issue of law but merely presents a procedural issue. For these reasons, Plaintiffs ask the Court to deny the City's Motion.

**Motion to Reconsider**

"District courts possess the authority and discretion to reconsider and modify interlocutory judgments any time before final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F.App'x 949, 952 (6th Cir. 2004). *See also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"). "District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez*, 89 F.App'x at 959. However, reconsideration is disfavored:

> Although motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal, they are extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged. To be sure, a court can always take a second look at a prior decision; but it need not and should not do so in the vast majority of instances, especially where such motions merely restyle or re-hash the initial issues.

*McConocha v. Blue Cross and Blue Shield Mutual of Ohio*, 930 F.Supp. 1182, 1184 (N.D.Ohio 1996) (internal citations and quotations omitted).

Motions for reconsideration "serve a limited purpose and should be granted for one of three reasons: (1) because of an intervening change in controlling law; (2) because evidence not previously available has become available; or (3) because it is necessary to correct a clear error of law or preventing manifest injustice." *Boler Co. v. Watson & Chalin Mfg. Inc.*, 372 F.Supp.2d 1013, 1024-25 (N.D.Ohio 2004), quoting *General Truck Drivers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999) (Clay, J. Dissenting), *cert. denied*, 528 U.S. 1137 (2000).

Having read the Motion, Opposition and Reply, the Court denies the City's Motion in its entirety. First, the case law on this issue presents a nearly unanimous determination by courts that umbrella insurers are not indispensable parties to actions between a primary insurer and its insured. See *Cont'l Cas. Co. v. Taco Bell Corp.,* 127 F. Supp. 2d 864, 869 (W.D. Mich. 2001) wherein the court in distinguishing the issue before it cited the following cases: *Remington Arms Co. v. Liberty Mut. Ins. Co.,* 748 F.Supp. 1057, 1065 (D.Del.1990) ("additional or excess insurers are not necessary parties to a suit between an insured and its primary or first layer excess insurer"); *Continental Casualty Co. v. PPG Indus., Inc.,* No. 86C 6076, 1987 WL 6601, at *2 (N.D.Ill. Feb.6, 1987) (excess carrier insurer parties are not necessary to a determination of a dispute between an insured and its primary insurance carrier); *Special Jet Servs., Inc. v. Federal Ins. Co.,* 83 F.R.D. 596, 599 (W.D.Pa.1979) (third parties are generally not necessary in an action to determine rights of parties under a contract simply because the third parties' rights may be affected by the outcome).

Second, these cases are consistent with general breach of contract claims wherein courts routinely hold that non-signatories to contracts are not indispensable parties. See *OneCommand, Inc. v. Beroth,* No. 1:12-CV-471, 2012 WL 3755614, at *2 (S.D. Ohio Aug. 29, 2012), "[i]n general, the indispensable parties in a breach of contract actions are the parties to the contract." Citing *Russian Collections v. Melamid,* No. 2:09cv300, 2009 U.S. Dist. LEXIS 113733, at *18, 2009 WL 4016493 (S.D.Ohio Nov. 18, 2009) (rejecting the argument that a non-signatory to a contract was a necessary party). Although not a breach of contract claim, this declaratory judgment action asks the Court to define the obligations of the parties pursuant to an insurance contract. Thus, the same logic applies here.

Lastly, as Plaintiffs point out, the City offers no new evidence and the Court did not apply an incorrect legal standard so as to warrant reconsideration. Because umbrella insurers are not indispensable to an action between a primary insurer and its insured to determine the rights and obligations under the primary insurer's policy, the City's Motion is denied.

This conclusion is further supported by the fact that the Underlying Action giving rise to the coverage issues in this case is also before the Court. Thus, there is no concern that there will be inconsistent rulings or friction between the state and federal courts.

Neither does the Court's allowing another umbrella insurer to intervene in the suit mandate a different conclusion. In allowing an umbrella insurer to intervene, the Court did not find them to be an indispensable party but instead determined that the umbrella insurer be permissively allowed to intervene under Fed. R. Civ. P. 24(b).

Federal courts have "unique and substantial discretion in deciding whether to declare the rights of the litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S. Ct. 2137, 2142, 132 L. Ed. 2d 214 (1995). The Sixth Circuit traditionally focuses on the five factors in determining whether a District Court properly exercised its discretion: 1) whether the declaratory action would settle the controversy; 2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; 3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata"; 4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and 5) whether there is an alternative remedy which is better or more effective. *Doe v. Univ. of the S.*, 687 F. Supp. 2d at 759-60, citing *Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th

Cir.1984).

The Court finds the *Grand Trunk* factors favor exercising jurisdiction over the dispute. The action will resolve the dispute between the City and its primary insurers and will determine their respective rights under Plaintiffs' policy. Thus, the first two *Grand Trunk* factors favor exercising the Court's jurisdiction over the suit. Factors three and four favor the Court exercising its jurisdiction over the suit because the Underlying Action is also before the Court thus, there is little concern over state/federal friction or procedural fencing. Lastly, the Court finds there is no more effective or alternative remedy.

Finally, the Court declines to certify the issue for appeal as this is largely a procedural issue that does not warrant a certification for interlocutory appeal.

IT IS SO ORDERED.

                                  s/ Christopher A. Boyko
                                  CHRISTOPHER A. BOYKO
                                  United States District Judge

Dated: February 20, 2019