UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL FIRE INSURANCE COMPANY, ET AL., | ) ) ) | CASE NO.1:17CV1392 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) ) | |
| CITY OF WILLOUGHBY, OHIO | ) ) | OPINION AND ORDER |
| Defendant. | ) | |

## CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendant City of Willoughby, Ohio's Motion to Dismiss Selective Insurance Company of the Southeast's Intervenor's Complaint Pursuant to Fed. R. Civ. P. 12(b)(7), or, Alternatively, to Decline Jurisdiction over this Action. (ECF # 36). For the following reasons, the Court denies the City's Motion.

On June 30, 2017, Plaintiffs National Fire Insurance Company of Hartford, National Fire Insurance Company of Hartford, Successor by Merger to Transcontinental Insurance Company and Valley Forge Insurance Company filed their Complaint in this Court seeking a declaratory judgment that Plaintiffs owed Defendant City of Willoughby ("City") no obligation to defend or indemnify the City in the underlying action of *United States of*

*America, et al. v. Richard M. Osborne Sr. et al.,* Case No. 1:11CV1029. On August 29, 2017, the City filed its Motion to Dismiss, arguing that the Complaint must be dismissed because certain umbrella insurers, who were necessary and indispensable parties to the action, were not named in the declaratory judgment action. The Court denied the Motion, finding that umbrella insurers were not necessary and/or indispensable parties to a dispute between an insurer and its insured and because the City failed to comply with the requirements of Fed. R. Civ. P. 12(b)(7). Thereafter, the Court permitted Selective Insurance Company, an umbrella insurer of the City, to intervene in the case. It is the Intervenor's Complaint which the City now seeks to dismiss.

**City's Motion**

According to the City, its reasons for seeking dismissal or, in the alternative, to have the Court decline jurisdiction, are the same reasons it sought to dismiss National Fire's Complaint. Namely, that National Fire failed to name as parties the numerous umbrella insurers of the City. According to the City, these insurers are necessary and/or indispensable parties but joinder would defeat diversity jurisdiction. Furthermore, the City argues that the claims presented favor declining jurisdiction because issues of state law predominate.

**Standard of Review**

According to the City, Selective Insurance Company's Intervenor's Complaint must be dismissed under Fed. R. Civ. P. 12(b)(7) because the Rule requires dismissal "for failure to join a party under Rule 19." Rule 19 reads in pertinent part:

(a) Persons Required to Be Joined if Feasible.
    (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> > (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
> >
> > (2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.
> > (3) Venue. If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.
>
> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> > (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> > (2) the extent to which any prejudice could be lessened or avoided by:
> >
> > > (A) protective provisions in the judgment;
> > > (B) shaping the relief; or
> > > (C) other measures;
> >
> > (3) whether a judgment rendered in the person's absence would be adequate; and
> > (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

To determine whether joinder is required the Sixth Circuit has established a three step analysis. *Glancy v. Taubman Centers, Inc.,* 373 F.3d 656, 666 (6th Cir. 2004). The Court must determine first whether the absent party's presence is necessary under Rule 19a. If the Court determines they are a necessary party the Court must then determine whether joinder of the absent party is feasible meaning, will joinder defeat the Court's subject matter

jurisdiction. If joinder is not feasible the Court must determine whether the absent party is indispensable under Rule 19(b). *Id.*

In the underlying suit presently pending before the Court, the United States of America and the State of Ohio brought suit against the City and a number of other defendants for violation of the Clean Water Act due to defendants' discharge of pollutants into the waters of the United States without authorization. This suit was brought by the City's primary insurers seeking a declaratory judgment on a single issue. That issue is whether Plaintiffs are obligated to defend and indemnify the City in the underlying action in light of the pollution exclusion in their policies with the City. It does not seek a judgment on the issues of primary vs. secondary coverage, does not implicate unique issues of state law and does not ask the Court to determine drop-down coverage issues amongst the various insurers of the City. It presents a straight forward contract interpretation of a policy exclusion clause in Plaintiffs' insurance policies with the City.

The Court allowed Selective Service to permissively intervene because its policy with the City purportedly includes a nearly identical pollution exclusion to that of Plaintiffs and its Intervenor's Complaint contains a single claim for declaratory judgment on its duty to defend or indemnify based on the pollution exclusion in its policy with the City.

The City argues its additional umbrella insurers are necessary parties because each of the umbrella insurers' policies must pay when coverage of the primary policy is exhausted or otherwise unavailable. The City cites the Court to three cases it contends supports the City's position that the umbrella insurers are necessary parties. These cases are *Continental Cas. Co.*

*v. Taco Bell Corp.*, 127 F. Supp. 2d 864 (W.D. Mich. 2001), *Schlumberger Indus., Inc. v. Nat'l Sur. Corp.,* 36 F.3d 1274 (4th Cir. 1994), and *Employers Ins. Of Wausau v. Jostens, Inc.*, 181 F.R.D. 623 (D. Minn. 1998).

According to the City, proceeding without the additional umbrella insurers creates the risk that these insurers will be bound by the Court's judgment without having an opportunity to defend their interests. Furthermore, the City faces a risk of inconsistent adjudications on coverage because separate courts could make contrary factual findings or render different judgments.

In opposing the City's Motion, Selective argues that the City's other umbrella insurers are not necessary parties because coverage under each insurer's policy is dependent solely upon the language contained therein. Although Selective's policy contains the pollution exclusion, at least one non-party umbrella insurers' pollution exclusion does not contain the same language. Furthermore, its unclear whether the City's other non-party umbrella insurer's policy even contains a pollution exclusion. Should Selective and National Fire prevail in their declaratory judgment action and the Court declare their pollution exclusions preclude coverage, the effect is simply that the other umbrella insurers' coverage will drop down. At that point, these non-party insurers may contest coverage or not. Simply put, Selective contends whether the non-party umbrella insurers owe coverage to the City is dependent wholly upon the language in their own respective policies and not whether Selective owes coverage. Because complete relief can be afforded the parties, the non-party umbrella insurers are not necessary parties.

In light of the Court's prior rulings and for the reasons set forth herein, the Court

5

denies the City's Motion. To determine whether a party is "necessary" the Court first examines whether complete relief may be accorded the parties in the absence of the non-party insurers. "In deciding this factor, courts should focus 'on relief between the parties and not on the speculative possibility of further litigation between a party and an absent person.' " *Iron Workers Local Union No. 17 Insurance Fund and its Trustees v. Philip Morris, Inc.*, 182 F.R.D. 512, 518 (N.D. Ohio 1998) quoting *Sales v Marshall,* 873 F.2d 115, 121 (6th Cir.1989). "The requirement under Rule 19(a)(1) that complete relief be available does not mean that 'every type of relief sought must be available, only that meaningful relief be available.'" *Iron Workers,* at 518 quoting *Henne v. Wright,* 904 F.2d 1208, 1212 (8th Cir. 1990).

The Court holds the non-party umbrella insurers are not necessary parties to the suit. The claims before the Court simply ask the Court to determine, based on specific exclusions in the Plaintiffs' and Intervenor's insurance policies with the City, whether the insurers have a duty to defend or indemnify the City. The non-party umbrella insurers' absence does not affect whether complete relief may be afforded in this action; that relief being a determination of the duty to defend and indemnify under the terms of each insurers' policy. Because complete relief may be obtained amongst the parties without the presence of the absent umbrella insurers, the Court holds they are not necessary parties to the action. This is supported by the Court's original and reconsideration opinions in this action, holding that umbrella insurers are not necessary or indispensable parties to a dispute between a primary insurer and its insured.

This is particularly so in this action, where the declaratory relief requested requires the

Court to only consider and interpret the pollution exclusion clauses in each insurer's policy with the City.   Umbrella insurers are not third party beneficiaries to these policies thus, complete relief may be afforded the parties regardless of the presence of the umbrella insurers.   Because the relief sought is unique to each insurer and insured -ie.- declare the rights and obligations of each in the respective insurance policies, complete relief is available to the parties.

The Court also holds that non-party umbrella insurers cannot claim an interest in either National Fire's nor Selective's insurance with the City.   The claims before the Court do not concern overlapping coverage issues, subrogation rights or any of the various claims that may implicate multiple insurance policies and pit one insurer against another.  Instead, this is a straightforward declaratory action to determine the duties of the insurer under the terms of each insurers' policies in light of a pollution exclusion.  It cannot be disputed that umbrella insurers do not have an interest in the City's policies with other insurers with respect to whether a pollution exclusion applies or not, particularly when the City has not produced evidence demonstrating that the non-party insurers' policies contain the identical or nearly identical exclusion.

There is little risk of double, multiple or inconsistent obligations here particularly because this Court also presides over the underlying action and has already determined coverage issues for another of the underlying action defendants on the same poluution exclusion.  The Court is unaware that any other insurer of a defendant in the underlying action has sought relief in another court.

In addition, the Court would not entertain an argument by an umbrella insurer for or

against the interpretation of a policy exclusion to an insurance policy to which it was not a signatory and where its own policy lacks the same exclusion. In short, the Court finds the non-party umbrella insurers are not necessary parties.

Finally, the Court finds that the authority cited by the City is distinguishable. In *Taco Bell*, the Court found a successor primary insurer to be a necessary party because the triggering period for coverage spanned consecutive policy periods of the party insurer and non-party insurer and a factual determination had to be made as to when the triggering event occurred. Thus, both insurers had an interest in the determination of when the triggering event occurred as coverage on both policies was affected by the court's factual determination. That is not the case before the Court where a purely legal determination is required to determine the duty to defend and indemnify under the policy.

In *Schlumberger*, the Court found multiple insurers indispensable, recognizing that courts throughout the country differ on whether multiple insurers covering the same liability are necessary parties. Holding that different courts handling different aspects of the case could result in differing factual determinations resulting in inconsistent obligations, the court found all plaintiffs' insurers were required to be joined. That concern is not present in the posture of this case where this Court presides over both the underlying action and, insofar as is known, all the actions between the City and its insurers. Nor does any party contend that the issues presented in the National Fire and Selective Complaints concern factual findings that may bind non-party insurers. Furthermore, in *Schlumberger,* there was a factual issue as to when the contamination occurred such that the determination would affect what policies were implicated. Here, there does not appear to be an issue of when the alleged

8

contamination occurred and the City has described no specific factual dispute that would potentially be binding upon the non-party umbrella insurers.

In *Jostens,* the court determined that consecutive insurers were necessary parties because issues of continuous contamination potentially affected insurance policies over different time periods and also raised concerns over how to apportion damages amongst the consecutive insurers. That is not the case here.

Therefore, the Court holds that non-party umbrella insurers are not necessary parties to the declaratory actions before the Court and the City's Motion to Dismiss is denied.

In the alternative, the City asks the Court to decline to exercise its discretion to hear the declaratory judgment action. Federal courts have "unique and substantial discretion in deciding whether to declare the rights of the litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S. Ct. 2137, 2142, 132 L. Ed. 2d 214 (1995). The Sixth Circuit traditionally focuses on the five factors in determining whether a District Court properly exercised its discretion: 1) whether the declaratory action would settle the controversy; 2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; 3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata"; 4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and 5) whether there is an alternative remedy which is better or more effective. *Doe v. Univ. of the S.*, 687 F. Supp. 2d at 759-60, citing *Grand Trunk W. R.R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir.1984).

The Court finds the *Grand Trunk* factors favor exercising jurisdiction over the dispute.

The action will resolve the dispute between the City, its primary insurers and an umbrella insurer and will determine their respective rights under the applicable insurance policies. Thus, the first two *Grand Trunk* factors favor exercising the Court's jurisdiction over the suit.

Factors three and four favor the Court exercising its jurisdiction over the suit because the underlying action is also before the Court thus, there is little concern over state/federal friction or procedural fencing. Lastly, the Court finds there is no more effective or alternative remedy.

Therefore, for the foregoing reasons, the Court denies the City's Motion.

IT IS SO ORDERED.

    /s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge